IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| WARNER BROS. ENTERTAINMENT INC., a Delaware corporation; TWENTIETH CENTURY FOX FILM CORPORATION, a Delaware corporation; COLUMBIA PICTURES INDUSTRIES, INC., a Delaware corporation; SONY PICTURES HOME ENTERTAINMENT INC., a Delaware corporation; LIONS GATE FILMS, INC., a Delaware corporation; PARAMOUNT PICTURES CORPORATION, a Delaware corporation; and DISNEY ENTERPRISES, INC., a Delaware corporation,<br><br>       Plaintiffs,<br><br>vs.<br><br>DOES 1 - 9,<br><br>       Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) )<br><br>CIVIL ACTION No. 05-350 |

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION FOR LEAVE TO TAKE DISCOVERY PRIOR TO RULE 26(f) CONFERENCE

## I.    INTRODUCTION

Plaintiffs, among the world's leading motion picture studios, filed this action to stop Defendants from copying and distributing to others over the Internet unauthorized copies of copyrighted motion pictures.  Using so-called "peer-to-peer" ("P2P") file "swapping" networks, Defendants' infringements allow them and untold others unlawfully to obtain and distribute for free copyrighted works that Plaintiffs invest millions of dollars to create and/or distribute. Plaintiffs sued Defendants as Doe Defendants because Defendants committed their infringements using on-line pseudonyms ("user names" or "network names"), not their true names.  Plaintiffs seek leave of Court to serve limited discovery prior to a Rule 26(f) conference on one or more

non-party Internet Service Providers ("ISPs") solely to determine the identities of the Doe Defendants. The only way that Plaintiffs can determine Defendants' true names is from the ISPs to which Defendants subscribe and from which Defendants obtain Internet access. This information is readily available to the ISPs from documents they keep in the regular course of business.

For the past year, federal district courts throughout the country have granted expedited discovery in Doe Defendant lawsuits that are factually similar, if not identical to the instant lawsuit.[1] In many of these cited cases and others like them, motion picture studios and record company plaintiffs have obtained the identities of P2P network users from ISPs through expedited discovery using information similar to that gathered by Plaintiffs in the instant case; they have used that information as the basis for their proposed subpoenas to these ISPs. Plaintiffs respectfully request that this Court follow well-established precedent, and grant this motion for expedited discovery against the identified ISP and any other ISPs that Plaintiffs later discover were the actual entities providing the Doe Defendants with online services and/or network access.

---

1       Such cases include Equidyne Corporation v. John Does 1-21, F.Supp.2d 481 (D. Del.); Universal City Studios Productions LLLP, et al. v. Does 1-7, Case No. 05CV1119(JBS) (D.N.J.) (Simandle, J.); Paramount Pictures Corporation, et al. v. Does 1-8, Case No. 05-535 (D.N.J.) (Wolfson, F.); Twentieth Century Fox Film Corporation, et al. v. Does 1-43, Case No. 05 CV 2351 (S.D.N.Y.) (Cederbaum, M.); Lions Gate Films, Inc., et al. v. Does 1-5, Case No. 05-386 (EGS) (D.D.C.) (Sullivan, E.); Disney Enterprises, Inc., et al. v. Does 1-18, Case No. 05-RB-339(CBS) (D. Colo.) (Shaffer, C.); Fonovisa, Inc., et al. v. Does 1-151, Case No. 4:04-CV-1488 CEJ (E.D. Mo.) (Jackson, C.); Metro-Goldwyn-Mayer Pictures Inc., et al. v. Does 1-8, Case No. 05-2075-KHV-DJW (D. Kan.) (Waxse, D.); Disney Enterprises, Inc., et al. v. Does 1-9, Case No. 4:05CV00093 (E.D. Ark.) (Moody, J.); Columbia Pictures Industries, Inc. v. John Doe, Case No. CV05-0134Z (W.D.Wash.) (Zilly, T.); Universal City Studios Productions LLLP, et al. v. Does 1-24, Case No. SA-05-CA-68-OG (W.D. Tex.) (Mathy, P.); Columbia Pictures Industries, Inc., et al. v. Does 1-10, Case No. 1:05CV515-BBM (N.D. Ga.) (Martin, B.); Lions Gate Films, Inc., et al. v. Does 1-23, Case No. 04 C 7398 (N.D. Ill.) (Gottschall, J.); Columbia Pictures Industries, Inc. v. John Doe (67.123.19.140), Case no. C 04 5243 PJH (N.D. Cal.) (Hamilton, P.). See Exhibit A.

## II.    FACTUAL BACKGROUND

As alleged in the complaint, the Doe Defendants, without authorization, used an online P2P media distribution system to download Plaintiffs' copyrighted works and distribute Plaintiffs' copyrighted works to other users on the P2P network, including by making Plaintiffs' copyrighted works available for distribution to others. See Complaint. Because Defendants used fictitious network names or pseudonyms when they copied and distributed Plaintiffs' copyrighted works, Plaintiffs do not know the Defendants' actual identities. See Declaration of Chad Tilbury ("Tilbury Decl."), ¶ 6. However, Plaintiffs have identified each Defendant by a unique Internet Protocol ("IP") address assigned to that Defendant by his/her ISP on the date and at the time of the Defendant's infringing activity. See Declaration of Thomas Carpenter ("Carpenter Decl."), ¶¶ 8-13. Plaintiffs also made copies of substantial portions of at least one copyrighted motion picture that each Defendant unlawfully distributed or made available for distribution through the file sharing networks, and confirmed that such file contained a motion picture whose rights under copyright law are owned by one of the Plaintiffs. Declaration of R. Christopher Harshman ("Harshman Decl."), ¶ 4. All of this information was gathered by an on-line piracy technology specialist through specific systems and procedures that were designed to ensure that the information gathered about each Doe Defendant is accurate. Tilbury Decl. ¶ 8; see generally Carpenter Decl.

Plaintiffs have identified the ISP that provided Internet access to each Defendant, and assigned the unique IP address to the Defendant, by using a publicly available database to trace the IP address for each Defendant. Carpenter Decl., ¶¶ 9-12. Here, the ISP is Comcast Cable ("Comcast"). Id., ¶¶ 12-13. When given a Defendant's IP address and the date and time of the infringing activity, an ISP can identify the name and address of the Doe Defendant (i.e., the ISP's subscriber) because that information is contained in the ISP's subscriber activity log files. Id., ¶¶ 9, 13. ISPs typically keep log files of subscriber activities for only limited periods of time -- sometimes for as little as weeks or even days -- before erasing the data. Tilbury Decl., ¶ 11; Carpenter Decl., ¶ 9. For this reason, as soon as Plaintiffs identified the infringer, Plaintiffs

3

notified Comcast of the IP address and the date and time of the infringing activity, and asked the ISP to retain the records needed to identify the subscriber who was assigned that IP address at that date and time.  See Carpenter Decl., ¶ 13.

However, some ISPs lease or otherwise allocate certain of their IP addresses to other unrelated, intermediary ISPs.  Id., ¶ 12.  Since these lessor ISPs, as a consequence, have no direct relationship -- customer, contractual, or otherwise -- with the end-user, they are unable to identify the Doe Defendants through reference to their user logs.  Id.  The intermediary ISPs, though, should be able to identify the Doe Defendants by reference to their own user logs and records. Id.  Accordingly, Plaintiffs seek leave to serve limited, immediate discovery sufficient to determine the Doe Defendants' true identities on Comcast.  To the extent that Comcast, in turn, identifies a different entity as the ISP providing network access and online services to the Doe Defendants, Plaintiffs also seek leave to serve, on any such later identified ISP, limited discovery sufficient to identify the Doe Defendant prior to the Rule 26 conference.

Plaintiffs request permission to serve a a Rule 45 subpoena on these ISPs seeking each Doe Defendant's true name, address, telephone number, e-mail address, and Media Access Control ("MAC") address (data available only to the ISP that identifies the specific computer used for the infringing activity).  Plaintiffs will only use this information to prosecute this action.  Without this information, Plaintiffs cannot pursue their lawsuit to protect their motion pictures from ongoing and repeated infringement.  Tilbury Decl., ¶ 9-10.

If the Court grants this Motion, Plaintiffs will serve a subpoena on Comcast Cable Communications Management, LLC requesting the identifying information within fifteen (15) business days.  If Comcast cannot itself identify one or more of the Doe Defendants but does identify an intermediary ISP as the entity providing online services and/or network access to such Defendants, Plaintiffs will then serve a subpoena on that ISP requesting the identifying information for the relevant Doe Defendants within fifteen (15) days.  In either case, these ISPs will be able to notify their subscribers that this information is being sought, and each Defendant will have the opportunity to raise any objections before this Court prior to the return date of the

4

subpoena. Thus, to the extent that any Defendant wishes to object, he or she will be able to do so.

## III.   ARGUMENT

Courts routinely allow discovery to identify "Doe" defendants. See, e.g., Wakefield v. Thompson, 177 F.3d 1160, 1163 (9th Cir. 1999) (error to dismiss unnamed defendants given possibility that identity could be ascertained through discovery); Valentin v. Dinkins, 121 F.3d 72, 75-76 (2d Cir. 1997) (plaintiff should have been permitted to conduct discovery to reveal identity of defendant); Dean v. Barber, 951 F.2d 1210, 1215 (11th Cir. 1992) (error to deny plaintiff's motion to join John Doe defendant where identity of John Doe could have been determined through discovery); Munz v. Parr, 758 F.2d 1254, 1257 (8th Cir. 1985) (error to dismiss claim merely because defendant was unnamed; "Rather than dismissing the claim, the court should have ordered disclosure of Officer Doe's identity"); Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980) ("where the identity of alleged defendants [are not] known prior to the filing of a complaint . . . the plaintiff should be given an opportunity through discovery to identify the unknown defendants"); Maclin v. Paulson, 627 F.2d 83, 87 (7th Cir. 1980) (where "party is ignorant of defendants' true identity . . . plaintiff should have been permitted to obtain their identity through limited discovery"); Equidyne Corp. v. Does 1-21, 279 F. Supp. 2d 481, 483 (D. Del. 2003) (allowing pre-Rule 26 conference discovery from ISPs to obtain identities of users anonymously posting messages on message boards). As discussed above, many district courts have granted leave to motion picture studios and record companies to serve subpoenas on ISPs to obtain the identities of Doe Defendants prior to a Rule 26 conference in copyright infringement lawsuits similar to the instant action. See Exhibit A.

Courts consider the following factors when granting motions for expedited discovery to identify anonymous Internet users:  (1) whether the plaintiff can identify the missing party with sufficient specificity such that the Court can determine that defendant is a real person or entity who could be sued in federal court; (2) all previous steps taken by the plaintiff to identify the Doe Defendant; and (3) whether the plaintiff's suit could withstand a motion to dismiss. Columbia

Ins. Co. v. Seescandy.com, 185 F.R.D. 573, 578-80 (N.D. Cal. 1999); see also Rocker Mgmt. LLC v. John Does, No. 03-MC-33 2003 WL 22149380, *1-2, (N.D. Cal. 2003) (applying Seescandy.com standard to identify persons who posted libelous statements on Yahoo! message board; denying request for expedited discovery where the postings in question were not libelous). Plaintiffs here are able to demonstrate each one of these factors.

First, Plaintiffs have sufficiently identified the Doe Defendants through the unique IP address each Doe Defendant was assigned at the time of the unauthorized distribution of the copyrighted film. See Seescandy.com, 185 F.R.D. at 578-80. See Complaint, Ex. A; Carpenter Decl., ¶¶ 7-13. These Defendants gained access to the Internet through their ISP (under cover of an IP address) only by setting up an account with the ISP. Carpenter Decl., ¶ 11. The ISP can identify each Defendant by name through the IP address by reviewing its subscriber activity logs. Id., ¶¶ 9, 13. Thus, Plaintiffs can show that all Defendants are "real persons" whose names are known to the ISP and who can be sued in federal court.

Second, Plaintiffs have specifically identified the steps taken to identify Defendants' true identities. Id., ¶¶ 7-13. Plaintiffs have obtained each Defendant's IP address and the date and time of the Defendant's infringing activities, have traced each IP address to a specific ISP, and have made copies of a sample of the motion pictures each Defendant unlawfully distributed or made available for distribution. See Complaint, Ex. A; Carpenter Decl., ¶¶ 7-13. Therefore, Plaintiffs have obtained all the information they possibly can about Defendants without discovery from the ISP.

Third, Plaintiffs have asserted a *prima facie* claim for direct copyright infringement in their Complaint that can withstand a motion to dismiss. Specifically, Plaintiffs have alleged that: (a) they own and have registered the copyrights in the works at issue and/or own the relevant exclusive distribution rights, and (b) the Doe Defendants copied or distributed those copyrighted works without Plaintiffs' authorization. See Complaint. These allegations state a claim for copyright infringement. See 17 U.S.C. § 106(1)(3); In re Aimster Copyright Litig., 334 F.3d 643, 645 (7th Cir. 2003), cert. denied, 124 S. Ct. 1069 (U.S. Jan. 12, 2004) ("Teenagers and young

6

adults who have access to the Internet like to swap computer files containing popular music. If the music is copyrighted, such swapping, which involves making and transmitting a digital copy of the music, infringes copyright."); A & M Records, Inc. v. Napster, Inc., 239 F.3d 1004, 1014-15 (9th Cir. 2001) ("Napster users who upload file names to the search index for others to copy violate plaintiffs' distribution rights. Napster users who download files containing copyrighted music violate plaintiffs' reproduction rights.").

Courts have also allowed expedited discovery when "good cause" is shown. See Semitool, Inc. v. Tokyo Electron America, Inc., 208 F.R.D. 273, 275-76 (N.D. Cal. 2002); Qwest Comm. Int'l, Inc. v. WorldQuest Networks, Inc., 213 F.R.D. 418, 419 (D. Colo. 2003); Entertainment Tech. Corp. v. Walt Disney Imagineering, No. Civ. A. 03-3546, 2003 WL 22519440, at *4 (E.D. Pa. 2003) (applying a reasonableness standard; "a district court should decide a motion for expedited discovery on the entirety of the record to date and the reasonableness of the request in light of all of the surrounding circumstances") (quotations omitted); Yokohama Tire Corp. v. Dealers Tire Supply, Inc., 202 F.R.D. 612, 613-14 (D. Ariz. 2001) (applying a good cause standard).

Good cause exists here because ISPs typically retain user activity logs containing the information sought for only a limited period of time before erasing the data. Tilbury Decl., ¶ 11; Carpenter Decl., ¶ 9. If that information is erased, Plaintiffs will have no ability to identify the Defendants, and thus will be unable to pursue their lawsuit to protect their copyrighted works. Tilbury Decl., ¶¶ 10, 11; Carpenter Decl., ¶¶ 9, 11. Where "physical evidence may be consumed or destroyed with the passage of time, thereby disadvantaging one or more parties to the litigation," good cause for discovery before the Rule 26 conference exists. Qwest Comm., 213 F.R.D. at 419; see also Pod-Ners, LLC v. Northern Feed & Bean of Lucerne LLC, 204 F.R.D. 675, 676 (D. Colo. 2002) (allowing discovery prior to Rule 26 conference to inspect items in defendant's possession because items might no longer be available for inspection if discovery proceeded in the normal course).

Good cause exists here for the additional reason that a claim for copyright infringement presumes irreparable harm to the copyright owner. See 4 Melville B. Nimmer & David Nimmer, Nimmer on Copyright, § 14.06[A], at 14-03 (2003); Elvis Presley Enter., Inc. v. Passport Video, 349 F.3d 622, 631 (9th Cir. 2003). The first and necessary step that Plaintiffs must take to stop the infringement of their valuable copyrights is to identify the Doe Defendants who are copying and distributing their motion pictures. This lawsuit cannot proceed without the limited discovery Plaintiffs seek because the ISP is the only entity that can identify the otherwise anonymous Defendants. Courts regularly permit early discovery where such discovery will "substantially contribute to moving th[e] case forward." Semitool, 208 F.R.D. at 277.

Finally, Defendants have no legitimate expectation of privacy in the subscriber information they provided to Comcast or any other ISP, much less in downloading and distributing copyrighted motion pictures without permission. In re Verizon Internet Services, Inc., 257 F.Supp.2d 244, 267 (D.D.C. 2003), cert. denied, Recording Indus. Ass'n of America, Inc. v. Verizon Internet Services, Inc., 351 F.3d 1229 (D.C. Cir. 2003) ("if an individual subscriber opens his computer to permit others, through peer-to-peer filesharing, to download materials from that computer, it is hard to understand just what privacy expectation he or she has after essentially opening the computer to the world"); Guest v. Leis, 255 F.3d 325, 336 (6th Cir. 2001) ("computer users do not have a legitimate expectation of privacy in their subscriber information because they have conveyed it to another person—the system operator"); Sony Music Entertainment, Inc. v. Does 1–40, 326 F.Supp.2d 556, 566 (S.D.N.Y. 2004) ("defendants have little expectation of privacy in downloading and distributing copyrighted songs without permission"); U.S. v. Hambrick, 55 F.Supp.2d 504, 508 (W.D. Va. 1999), aff'd, 225 F.3d 656 (4th Cir. 2000). This is because a person can have no legitimate expectation of privacy in information he or she voluntarily communicates to third parties. See, e.g., Smith v. Maryland, 442 U.S. 735, 743-44 (1979); U.S. v. Miller, 425 U.S. 435, 442-43 (1976); Couch v. U.S., 409 U.S. 322, 335-36 (1973); Leis, 255 F.3d at 335; U.S. v. Kennedy, 81 F.Supp.2d 1103, 1110 (D. Kan. 2000); Hambrick, 55 F.Supp.2d at 508.

Although Defendants copied and distributed motion pictures without authorization using fictitious user names, their conduct was not thus anonymous. Using publicly available technology, the unique IP address assigned to each Defendant at the time of infringement can be readily identified. Carpenter Decl. ¶¶ 7-10. When Defendants entered into a service agreement with Comcast or any other ISP, they knowingly and voluntarily disclosed personal identification information to it. As set forth above, this identification information is linked to the Defendants' IP address at the time of infringement, and recorded in the ISP's subscriber activity logs. Since Defendants can, as a consequence, have no legitimate expectation of privacy in this information, this Court should grant Plaintiffs leave to seek expedited discovery of it. Absent such leave, Plaintiffs will be unable to protect their copyrighted motion pictures from continued infringement.

Where federal privacy statutes authorize disclosure pursuant to a court order, courts have held that a plaintiff must make no more than a showing of relevance under the traditional standards of Rule 26. See Laxalt v. McClatchy, 809 F.2d 885, 888 (D.C. Cir 1987) (court found "no basis for inferring that the statute replaces the usual discovery standards of the FRCP . . . with a different and higher standard"); accord Lynn v. Radford, No. 99-71007, 2001 WL 514360, at *3 (E.D. Mich. 2001); Gary v. United States, No. 3:97-CV-658, 1998 WL 834853, at *4 (E.D. Tenn.); see also In re Gren, 633 F.2d 825, 828 n.3 (9th Cir. 1980) ("court order" provision of Fair Credit Reporting Act requires only "good faith showing that the consumer records sought are relevant") (internal quotation omitted). Plaintiffs plainly have met that standard, as the identity of Defendants is essential to Plaintiffs' continued prosecution of this action.

Comcast is a cable ISP and, as such, is subject to the Cable Communications Policy Act (the "Cable Act"), 47 U.S.C. § 551(c). While the Cable Act generally prohibits disclosure of personally identifiable subscriber information possessed by cable television companies, the Cable Act *expressly* provides that information regarding a cable subscriber may be made pursuant to a court order authorizing such disclosure. See 47 U.S.C. § 551(c)(2)(B).

Plaintiffs are entitled to an order authorizing disclosure pursuant to the Cable Act because the information sought is relevant under traditional standards of Rule 26. See CSC Holdings, Inc. v. Redisi, 309 F. 3d 988, 996 (7th Cir. 2002); see also Laxalt, 809 F. 2d at 888 (finding, with respect to court order requirement of the Privacy Act, "no basis for inferring that the statute replaces the usual discovery standards of the FRCP . . . with a different and higher standard.").

## IV.   CONCLUSION

For the foregoing reasons, Plaintiffs respectfully submit that the Court should grant the Motion for Leave to Take Discovery Prior to Rule 26(f) Conference and enter an Order substantially in the form of the attached proposed Order.

DATED: June 2, 2005

Richard K. Herrmann  (I.D. #405)
Morris, James, Hitchens & Williams LLP
222 Delaware Avenue, 10th Floor
Wilmington, DE 19801
Tel: (302) 888-6806
rherrmann@morrisjames.com

Alexandra N. DeNeve (pro hac vice pending)
Loeb & Loeb LLP
345 Park Avenue
New York, NY 10154-0037
Tel: (212) 407-4000
adeneve@loeb.com

Attorneys for Plaintiffs WARNER BROS.;
TWENTIETH CENTURY FOX; COLUMBIA
PICTURES; SONY PICTURES HOME
ENTERTAINMENT; LIONS GATE FILMS;
PARAMOUNT PICTURES; and DISNEY
ENTERPRISES

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WARNER BROS. ENTERTAINMENT INC., a Delaware corporation; TWENTIETH CENTURY FOX FILM CORPORATION, a Delaware corporation; COLUMBIA PICTURES INDUSTRIES, INC., a Delaware corporation; SONY PICTURES HOME ENTERTAINMENT INC., a Delaware corporation; LIONS GATE FILMS, INC., a Delaware corporation; PARAMOUNT PICTURES CORPORATION, a Delaware corporation; and DISNEY ENTERPRISES, INC., a Delaware corporation,<br><br>            Plaintiffs,<br><br>vs.<br><br>DOES 1 - 9,<br><br>            Defendants. | CIVIL ACTION No. 05-350 |

## ORDER GRANTING PLAINTIFFS' MOTION FOR LEAVE TO TAKE DISCOVERY PRIOR TO RULE 26(f) CONFERENCE

The Court has read all papers filed in connection with Plaintiffs' Motion for

Leave to Take Discovery Prior to Rule 26(f) Conference ("the Motion"), and considered the

issues raised therein, including relevant privacy issues.

IT IS HEREBY ORDERED that the Motion is granted.

IT IS FURTHER ORDERED that Plaintiffs may serve immediate discovery on

Comcast Cable Communications Management, LLC ("Comcast") or any other entity identified

by Comcast as providing network access or online services to one or more of the Doe

Defendants, by serving a Rule 45 subpoena that seeks information sufficient to identify each Doe

Defendant, including his or her name, address, telephone number, email address, and Media Access Control address.

IT IS FURTHER ORDERED THAT Comcast shall have seven (7) calendar days after the service of the subpoena to notify its subscribers that their identity is sought by Plaintiffs and that each subscriber whose identity is sought shall have twenty one (21) calendar days from the date of such notice from Comcast to file any papers with the Court contesting the subpoena.

IT IS FURTHER ORDERED THAT any information disclosed to Plaintiffs in response to the Rule 45 subpoenas may be used by Plaintiffs solely for the purpose of protecting Plaintiffs' rights under the Copyright Act.

IT IS FURTHER ORDERED THAT any subpoena issued pursuant to this Order shall be deemed an appropriate court order under 47 U.S.C. § 551.


Dated:_____          _____
                                     United States District Judge

# EXHIBIT   A

Service:  **Get by LEXSEE®**
Citation:  **279 F. Supp. 2d 481**

*279 F. Supp. 2d 481, \*; 2003 U.S. Dist. LEXIS 14571, \*\**

EQUIDYNE CORPORATION, Plaintiff, v. JOHN DOES 1-21, a/k/a "NEWDIRECTORSREQUIRED," "SANTOSOTELO," "FPLNOBS10," "PBHCLAN," "CATMANZEKE," "WARTHOG2837," "PAINLESSINNJ," "TSUKIJIKIDI," "AESCHYLUS_2000," "HEMAN8700," "MAJORFIXIT," "HLPONWAY," "LOUCARO," "SPESHULUST," "BIRD_OVO," "FALLON30," "SUNSTROKE," "PERSPICACIOUS12001," "PSEUDONYM022002," "PHARMGUY," and "FU_JRN,", Defendants.

Civil Action No. 02-430-JJF

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE

279 F. Supp. 2d 481; 2003 U.S. Dist. LEXIS 14571

August 18, 2003, Decided

**DISPOSITION:**  **[\*\*1]**  Defendant's motion to dismiss granted.

### CASE SUMMARY

**PROCEDURAL POSTURE:** Plaintiff corporation filed suit against 21 anonymous defendants who made numerous postings to Internet message boards related to the corporation. One defendant, an individual who was identified in discovery and then served with the complaint, filed a motion to dismiss, contending there was a lack of personal jurisdiction over him, as required by Fed. R. Civ. P. 12(b)(2).

**OVERVIEW:** The corporation claimed that one or more contracts were breached and that the provisions and rules of the Securities Exchange Act of 1934 were violated. The instant action was filed in Delaware. The individual, who moved to dismiss, resided in Georgia. The court found that 15 U.S.C.S. § 78aa provided for nationwide jurisdiction, as long as the individual had minimum contacts with the United States. Because the individual had such minimum contacts, the court had personal jurisdiction over him with respect to federal claims and pendent personal jurisdiction with respect to state claims. However, the court determined that the District of Delaware was not the appropriate venue for the action. The individual defendant raised the issue of venue in his reply brief and at oral argument, which was sufficient. Posting information on the Internet, under the facts of the instant case, was not sufficient for venue purposes. On a sliding scale of interactivity, the court found that the message board at issue fell in the middle ground of interactivity. The message board features were not enough to conclude that a "transaction" or act occurred in Delaware, so as to justify venue.

**OUTCOME:** The motion to dismiss was granted.

**CORE TERMS:** venue, personal jurisdiction, message, internet, site, posting, resident, interactive, inhabitant, transact, website, proxy, stockholders, motion to dismiss, proper venue, forum state, state law, subpoena, user, posted, reply brief, regulations thereunder, service of process, confer, web, co-conspirator, constituting, nationwide, misleading, accessible

**LexisNexis(R) Headnotes**  ◆  <u>Show Headnotes</u>

**COUNSEL:** Charles F. Richards, Jr., and Thad J. Bracegirdle Esquires of RICHARDS, LAYTON & FINGER, Wilmington, Delaware. Wilmington, Delaware. Attorneys for Plaintiff.

Bayard J. Snyder, Esquire of SNYDER & ASSOCIATES, P.A., Wilmington, Delaware. Of Counsel: H. Michael Denver, and Patricia J. Duffy, Esquires of FRIEDMAN, DENVER & MERLIN, LLC, Atlanta, Georgia. Attorneys for Defendant, Henry Rhodes.

Norman M. Monhait, Eaquire of ROSENTHAL, MONHAIT, GROSS & GODDESS, Wilmington, Delaware. Attorney for Defendant, Doe No. 9, "AESCHYLUS_2000."

**JUDGES:** JOSEPH J. FARNAN, JR., UNITED STATES DISTRICT JUDGE.

**OPINIONBY:** JOSEPH J. FARNAN, JR.

**OPINION: [\*482] MEMORANDUM OPINION**

Wilmington, Delaware

**FARNAN, District Judge,**

Presently before the Court is Defendant, Henry Rhodes' Motion to Dismiss (D.I. 47). For the reasons discussed, the motion will be granted.

### [\*483] I. Introduction

On May 16, 2002, the Plaintiff, Equidyne Corporation ("Equidyne") filed the instant action alleging claims against twenty-one anonymous Defendants, John Does 1-21, who made numerous postings to Internet message boards related to Equidyne. Specifically, **[\*\*2]** Equidyne's Complaint alleges that by posting these various messages on message boards, the Defendants, either: 1) breached one or more contracts between Defendants and Equidyne; and/or 2) violated the provisions of the Securities Exchange Act of 1934 (the "Exchange Act"), and the rules and regulations promulgated thereunder, related to the solicitation of proxies and the misappropriation and dissemination of non-public information.

Due to the fact that the identity of the Defendants was unknown to Equidyne, it filed a Motion to Exempt Plaintiff From Compliance with the Meet and Confer Requirements of Fed. R. Civ. P. 26(d) and 26(f) for Limited Third Party Discovery, simultaneously with its Complaint. (D.I. 2). By this motion, Equidyne requested leave to undertake limited discovery of Yahoo!, Inc. ("Yahoo") and Lycos in connection with the use of their websites. The Court heard argument on Equidyne's motion on June 4, 2002, and thereafter, granted the motion on June 5, 2002. (D.I. 7). On June 12, 2002 Equidyne served a subpoena on Yahoo's registered Delaware agent seeking production of information concerning the defendants' identities. (D.I. 9). A similar subpoena was served on Lycos **[\*\*3]** in Massachusetts on June 12, 2002. (D.I. 10).

On June 8, 2002, Defendant John Doe No. 9, a/k/a "Aeschylus_2000" ("Doe No. 9") filed a Motion to Quash the Third Party Subpoena issued to Yahoo by Equidyne to the extent that it requested information concerning his identity. (D.I. 12). On November 1, 2002, the Court issued a Memorandum Order denying Doe No. 9's Motion to Quash. (D.I. 42). Doe No. 9 filed a motion for reargument of the Court's decision on November 7, 2002 (D.I. 44), which was denied in a Memorandum Order dated February 12, 2003 (D.I. 49). On February 28, 2003, Doe No. 9 filed an appeal of the Court's denial of the Motion to Quash with the Third Circuit (D.I. 52) which is currently pending. To date, Yahoo has refused to produce any information concerning the twenty-one Defendants pending resolution of Doe No. 9's appeal. (See D.I. 38. at P 3).

On June 25, 2002, Lycos produced information in response to Equidyne's subpoena

identifying the names and addresses of five Defendants, including Defendant Henry Rhodes, a/k/a "MajorFixIt." Thereafter, Equidyne served the Complaint upon Mr. Rhodes and the other Defendants identified by Lycos. On February 12, 2003, Mr. Rhodes filed **[**4]** the instant motion to dismiss (D.I. 47).

## II. Facts

Equidyne is a Delaware corporation with its principal place of business located in San Diego, California. Equidyne, through its wholly owned subsidiary, Equidyne, Systems, Inc. ("Equidyne Systems") is engaged in the development, manufacture and sale of needle-free drug delivery systems. Common stock of Equidyne is traded publicly on the American Stock Exchange.

Defendant, Henry Rhodes is a former employee of Equidyne who from April 30, 1998 to approximately December 1999 was President of Dynamic Dental Systems, Inc., a wholly owned subsidiary of Equidyne. Mr. Rhodes is a resident of Atlanta, Georgia. According to the information produced by Lycos in response to Equidyne's subpoena, Mr. Rhodes posted at least four messages to the Yahoo and Lycos message boards under the pseudonym **[*484]** "MajorFixIt" which dealt with an alternate slate of candidates for election to Equidyne's board of directors at the Company's annual meeting of stockholders on May 28, 2002. Mr. Rhodes posted these messages from his personal computer located in Atlanta, Georgia.

## III. Parties' Contentions

By his Motion, Mr. Rhodes contends that the Court **[**5]** lacks personal jurisdiction over him as required by Federal Rule of Civil Procedure 12 (b)(2). ("Rule 12 (b)(2)"). Mr. Rhodes contends that there is no jurisdiction over him pursuant to the Delaware long-arm statute because he does not: 1) reside in Delaware; 2) transact business in Delaware; 3) contract or supply services or things in Delaware; 4) have an interest in, use or possess real property or contract to insure or act as a surety in the Delaware, as required under 10 Del. C. § 3104 (c) for specific jurisdiction. Further, Mr. Rhodes argues that there is no general jurisdiction over him under subsection (c)(4) of the long-arm statute because he does not regularly do or solicit business, engage in persistent course of conduct, or derive substantial revenue from services or things used or consumed in the State of Delaware. Additionally, Mr. Rhodes contends that Plaintiff has failed to plead securities fraud with particularity as required by Federal Rule of Civil Procedure 9(b) ("Rule 9 (b)"). He also contends that because the federal claims should be dismissed, the state law claims should likewise be dismissed.

In response, Equidyne contends that its Complaint should not **[**6]** be dismissed as to Mr. Rhodes because it alleged that Mr. Rhodes and the other Defendants committed violations of sections 10(b) and 14(a) of the Securities Exchange Act of 1934 ("the 1934 Act"), and Section 27 of the 1934 Act confers personal jurisdiction over a defendant to a claim under the Act in any federal district court so long as the defendant has minimum contacts with the United States. See 15 U.S.C. § 78aa. Equidyne points out that Mr. Rhodes is a resident of Georgia, and therefore, has the requisite minimum contacts with the United States as required under the statute. Further, Equidyne contends that the Court may also assert pendent personal jurisdiction over Mr. Rhodes in connection with its state law claims because those claims arise out of the same common nucleus of operative facts as the federal claims.

Equidyne also contends that the claims against Mr. Rhodes should not be dismissed for improper venue because Mr. Rhodes has waived such a defense and alternatively argues that the Court is the proper venue for its claims. First, Equidyne points out that Section 27 of the 1934 Act provides broadly that claims under the 1934 Act may be brought **[**7]** in any district "wherein any act or transaction constituting the violation occurred" or "wherein the defendant is found or is an inhabitant or transacts business." 15 U.S.C. § 78aa. Equidyne contends that its claims against Mr. Rhodes arise from his use of the internet, specifically

message boards, to communicate with Equidyne stockholders. While Equidyne acknowledges that federal courts in other districts have found that the posting of information on a website is insufficient by itself to support personal jurisdiction or venue in a district where the information is accessible and when the defendant has no other contacts with the forum, it contends that this situation is easily distinguishable because the message boards are interactive. Equidyne argues that the instant situation is more analogous to a situation where the mailing of allegedly false proxy materials to stockholders in a judicial district is sufficient to establish venue in that district for the purpose **[*485]** of security claims arising from the proxy materials.

With regard to the pleading with particularity requirement of <u>Rule 9(b)</u> Equidyne argues that at the time it filed the Complaint it did not have **[**8]** Mr. Rhodes' identity. Further, Equidyne contends that the proper remedy for any alleged <u>Rule 9(b)</u> violation is for the Court to grant leave to amend the Complaint rather than dismiss the action.

By reply, Mr. Rhodes contends that the exercise of personal jurisdiction over him must comport with the <u>Due Process Clause</u> which requires minimum contacts with this forum. He contends that he does not have minimum contacts with Delaware, and therefore, personal jurisdiction over him would violate the <u>Due Process Clause</u>. Further, Mr. Rhodes argues that recent decisions addressing internet-related contacts hold that personal jurisdiction is not present absent contact with the forum state. Finally, Mr. Rhodes argues that venue in this district is not proper because he does not have a single contact with Delaware and because there is no basis for venue or jurisdiction based on a conspiracy theory.

## IV. Discussion

In order for a district court to hear a case, it must have personal jurisdiction over the defendant and be the appropriate venue to hear the case. See <u>FS Photo, Inc. v. Picturevision, Inc., 48 F. Supp. 2d 442, 444 (D. Del. 1999)</u>. Mr. Rhodes contends that the **[**9]** Court lacks personal jurisdiction over him and alternatively argues that venue is improper in this district.

## A. Personal Jurisdiction

Once a defendant has properly raised the jurisdictional defense, the plaintiff has the burden of establishing by a preponderance of the evidence that minimum contacts have occurred. <u>Patterson v. F.B.I., 893 F.2d 595, 604 (3d Cir. 1990)</u>, cert. denied, <u>498 U.S. 812, 112 L. Ed. 2d 24, 111 S. Ct. 48 (1990)</u>. If the plaintiff is able to make out a prima facie case, the burden shifts to the defendant to "present a compelling case that the presence of some other consideration would render jurisdiction unreasonable." <u>Grand Entm't Group v. Star Media Sales, 988 F.2d 476, 483 (3d Cir. 1993)</u>. In the context of a motion to dismiss, the record must be viewed in a light most favorable to the non-moving party. See <u>Joint Stock Soc'y v. Heublein, Inc., 936 F. Supp. 177, 192 (D. Del. 1996)</u> (holding that the court must accept as true all wellpled facts).

Jurisdiction over alleged violations of the 1934 Act is governed by Section 27 of the Act. See <u>15 U.S.C. § 78aa</u>. <u>Section</u> **[**10]** <u>78aa</u> provides in pertinent part:

The District Courts of the United States ... shall have exclusive jurisdiction of violations of this title or the rules and regulations thereunder, and of all suits in equity and actions at law brought to enforce any liability or duty created by this title or the rules and regulations thereunder ... Any suit or action to enforce any liability or duty created by this title or rules or regulations thereunder, or to enjoin any violation of such title or rules and regulations, may be brought in any

such district or in the district wherein the defendant is found or is an inhabitant or transacts business, and process in such cases may be served in any other district of which the defendant is an inhabitant or wherever the defendant may be found ...

15 U.S.C. § 78aa. As clearly stated above, § 78aa provides for nationwide service of process. Thus, the Court has personal jurisdiction over Mr. Rhodes as long as he has minimum contacts with the United **[*486]** States. FS Photo, 48 F. Supp. 2d at 445. Additionally, Due Process concerns under the Fifth Amendment are satisfied if a federal statute provides for nationwide **[**11]** service of process in a federal question case. See Max Daetwyler Corp. v. R. Meyer, 762 F.2d 290, 295 (3d Cir. 1985).

In the Court's view, Mr. Rhodes, an Atlanta, Georgia resident, has minimum contacts with the United States. Accordingly, the Court concludes that it has personal jurisdiction over him with respect to Equidyne's federal claims. The Court also has pendent personal jurisdiction over Mr. Rhodes for Equidyne's state law claims because they arise out of the same common nucleus of operative facts as the federal claims. See FS Photo, 48 F. Supp. 2d at 445 (exercising personal jurisdiction over plaintiff's state law claims where Court had personal jurisdiction under the 1934 Act).

## B. Venue

Although the Court has personal jurisdiction over Mr. Rhodes, it must still determine whether the District of Delaware is the appropriate venue for this action. When venue is challenged, Plaintiff bears the burden of proving proper venue. See Dinterman v. Nationwide Mut. Ins. Co., 26 F. Supp. 2d 747, 749 (E.D. Pa. 1998). As a threshold matter, the Court concludes that Mr. Rhodes has not waived the defense of improper venue because, **[**12]** although he does not assert such a defense in his motion to dismiss or Opening Brief, he addressed the defense of improper venue in his Reply Brief and at oral argument. See, e.g., Miller v. Asensio, 101 F. Supp. 2d 395, 404 (D.S.C. 2000) (finding that defendants who were sued for securities fraud did not waive their right to challenge venue, even though they did not specifically mention venue in their motion to dismiss or opening brief but addressed such a defense in their reply brief). After considering all of Mr. Rhodes' actions in presenting his arguments regarding venue at both the oral argument and in his Reply Brief, the Court cannot conclude that he has waived such a defense at this procedural juncture.

Two statutes govern the venue inquiry. The first is Section 27 of the 1934 Act. See 15 U.S.C. § 78aa. Section 27 of the 1934 Act provides in pertinent part, as follows: "[A] suit to enforce any liability under the [1934] Act may be brought either (1) in the district wherein the defendant is found or is an inhabitant or transacts business, or (2) in the district wherein any act or transaction constituting the violation occurred." 15 U.S.C. § 78aa. **[**13]** Therefore, for venue to be appropriate under the 1934 Act, Plaintiff must demonstrate that Mr. Rhodes is an inhabitant of Delaware, can be found in Delaware, transacts business in Delaware or that the act constituting the violation occurred in Delaware.

As an Atlanta, Georgia resident it is clear that Mr. Rhodes is not an inhabitant of Delaware. Further, the Court cannot glean any facts from the record before it to suggest that Mr. Rhodes can be found in Delaware or transacts business in Delaware. Therefore, the Court must determine whether the act or transaction constituting the violation occurred in Delaware. The parties raise several arguments on this issue. Plaintiff claims that because Mr. Rhodes' alternative slate of candidates for the board of directors was posted on an interactive message board which was accessible to residents of Delaware and targeted at Equidyne shareholders, venue in this district is proper. Plaintiff suggests that the instant situation is

analogous to situations where courts have found proper venue under § 78aa when allegedly misleading proxy materials have been printed in or mailed to a judicial district. See, e.g., **[*487]** Mitchell v. Texas Gulf Sulphur Co., 446 F.2d 90, 106 (10th Cir. 1971) **[**14]** (holding that the transmission and publication of press releases in the district was sufficient to sustain venue); In re Triton Ltd. Secs. Litigation, 70 F. Supp. 2d 678, 686-87 (E.D. Tex. 1999) (finding venue proper because allegedly misleading press releases were sent into the district); Carty v. Health-Chem Corp., 567 F. Supp. 1, 2 (E.D. Pa. 1982)(finding venue proper because allegedly misleading annual and quarterly reports and a prospectus were sent into the district); S-G Secur., Inc. v. Fuqua Inv. Co., 466 F. Supp. 1114, 1121 (D. Mass. 1979) (holding that the "transmission of press releases into the district and the publication thereof within this district through the Wall Street Journal and the Dow Jones broad tape" was sufficient to sustain venue); Kogok v. Fields, 448 F. Supp. 197, 199 (E.D. Pa. 1978) (finding venue proper "based on the mailing of proxy statements, quarterly and annual reports and prospectuses" into the forum).

In reply, Mr. Rhodes contends that federal courts in other districts have held that the posting of information on an internet website is insufficient to support venue where **[**15]** the information is accessible in that district and when the defendant has no other contacts with the forum state. See, e.g., Miller v. Asensio, 101 F. Supp. 2d 395, 405-406 (D.S.C. 2000); Bailey v. Turbine Design, Inc., 86 F. Supp. 2d 790, 795 (W.D. Tenn. 2000); Brown v. Geha-Werke, 69 F. Supp. 2d 770, 777-78 (D.S.C. 1999).

The Court recognizes that if posting information on a message board on the Internet was sufficient to permit venue in every district that the posting was read, then venue could be found in every jurisdiction where an individual has access to a personal computer and the internet. Additionally, the Act of 1934 provides for nationwide service of process, and therefore, allows for personal jurisdiction over a citizen of the United States. Thus, a defendant who is located in the United States "'must look primarily to federal venue requirements for protection from onerous litigation'" ESAB Group, Inc. v. Centricut, Inc., 126 F.3d 617, 627 (4th Cir. 1997) (quoting Hogue v. Milodon Eng'g, Inc., 736 F.2d 989, 991 (4th Cir. 1984)).

Also, in analyzing internet-based contacts for purposes **[**16]** of venue and personal jurisdiction, the Court "must assess the nature and quality of [the] defendant's Internet activity." Machulsky v. Hall, 210 F. Supp. 2d 531, 538 (D.N.J. 2002) (citing Barrett v. Catacombs Press, 44 F. Supp. 2d 717, 724 (E.D. Pa. 1999)). When engaging in this analysis, the Court must be cognizant of the fact that "at one end of the continuum are passive sites that merely post information that is available to anyone with access to the Internet; on the other end are highly interactive sites through which a corporation conducts business over the Internet." S. Morantz, Inc. v. Hang & Shine Ultrasonics, Inc., 79 F. Supp. 2d 537, 540 (E.D. Pa. 1999) (citing Zippo Mfg. Co. v. Zippo Dot Dot Com, Inc., 952 F. Supp. 1119 1124 (E.D. Pa. 1997))(citation omitted). "The latter sites typically involve a high volume of deliberate exchanges of information through the site, including the formation of contracts." Id. (citation omitted). "In the middle are interactive Web sites where a user can exchange information with the host computer." Id. (citation and internal quotation marks omitted). "The exercise **[**17]** of personal jurisdiction in cases involving sites in this middle category hinges on the level of commercial information exchange that takes place on the web site." Id. (citation omitted).

The internet activity at issue here involves message boards where Mr. Rhodes allegedly posted information including **[*488]** an alternate slate of candidates for election to the Equidyne Board of Directors. Plaintiff contends that the message board by its nature is fully interactive, and therefore, there are contacts or transactions in Delaware thereby rendering venue in this district proper. The Court disagrees with this argument. In analyzing the message board postings at issue on the sliding scale of interactivity, as described above, the Court finds that the message board falls in the middle ground of interactivity. Specifically, it

is minimally interactive in the sense that, an individual who reads another's post can also post information in reply; this is somewhat similar to email exchanges but more instantaneous. However, the Court finds that this is not a highly interactive site where business is conducted or contracts are formed. In fact only small quantities of information are exchanged on message **[**18]** boards. Thus, although minimally interactive, the message board features are not enough to conclude that a "transaction" or act occurred in Delaware to justify venue in this district. See, e.g., Accuweather, Inc. v. Total Weather, Inc., 223 F. Supp. 2d 612, 615 (M.D. Pa. 2002)(finding presence of a website on the internet and an email link was not sufficient to confer personal jurisdiction); Morantz, 79 F. Supp. 2d at 540-41 (finding that toll free number and website on the internet where a lease application may be printed out, but not sent over the Internet; a form through which a user may order and pay for a $ 10 promotional video; a form through which a user may request additional information; and an link by which a user may send e-mail directly to the operator from the site was not sufficient contact to confer personal jurisdiction).

The Court recognizes that if there were evidence that Defendant Rhodes had specifically targeted residents of Delaware, then venue in this district might well be proper. However, although the Plaintiff contends that Mr. Rhodes' message board postings were aimed at residents of Delaware who are stockholders of Equidyne, **[**19]** there is no evidence to support this contention, such as the name and location of the Equidyne stockholders. See "Toys "R" Us, Inc. v. Step Two, S.A., 318 F.3d 446, 452 (3d Cir. 2003) (stating that "if a defendant web site operator intentionally targets the site to the forum state, and/or knowingly conducts business with forum state residents via the site, then the 'purposeful availment requirement is satisfied.'")

To the extent that Plaintiff contends that venue may be based on the co-conspirator theory under 15 U.S.C. § 78aa, the Court is not persuaded. Under the co-conspirator theory of venue, "once venue has been established under § 78aa vis-a-vis one defendant, venue is proper with respect to the defendant co-conspirators." FS Photo, 48 F. Supp. 2d at 445. The theory is only applicable where venue has been established over one conspirator by reason of an act or transaction performed by that person in furtherance of the conspiracy. Id. The Court concludes that Plaintiff has not established the presence of a conspiracy in this case, let alone an act in Delaware in furtherance of a conspiracy. Accordingly, the Court **[**20]** concludes that venue under 15 U.S.C. § 78aa cannot be supported, and therefore, is improper.

Lastly, the general venue statute, 28 U.S.C. § 1391, is also implicated as a possible basis for venue. However, the Court concludes that venue in this district is improper under 28 U.S.C. § 1391(b), the applicable general venue statute. First, all of the Defendants do not reside in Delaware (e.g., Mr. Rhodes is a resident of Atlanta, Georgia). Therefore, it is irrelevant to this inquiry if some of the Defendants reside in Delaware. See 28 U.S.C. § 1391 (b)(1). **[*489]** Second, as discussed in the previous section, Delaware is not a state where a substantial portion of the events giving rise to the claim occurred because the Court has found that posting to message boards on the internet is not sufficient to constitute an act or transaction in Delaware. See 28 U.S.C. § 1391 (b)(2). Finally, there is no evidence or assertion before the Court to suggest that there is no other district where this action may be brought especially in light of the fact that Mr. Rhodes' counsel **[**21]** admitted that Mr. Rhodes may be sued in both Georgia and California. See 28 U.S.C. § 1391 (b)(3); Tr. of Oral Arg. at 4, 10.

For these reasons, the Court concludes that this district is not the proper venue for action against Mr. Rhodes. Mr. Rhodes has not made an alternative motion to transfer, and therefore, the Court will dismiss this action as to Mr. Rhodes on the grounds of improper venue. Because the Court is granting the motion to dismiss on the grounds of improper venue, the Court will not address the contentions regarding the insufficiency of the Complaint under Rule 9(b).

An appropriate Order will be entered.

## ORDER

NOW THEREFORE, For The Reasons discussed in the Memorandum Opinion issued this date, IT IS HEREBY ORDERED this 18th day of August 2003, that Defendant, Henry Rhodes' Motion to Dismiss (D.I. 47) is **GRANTED.**

JOSEPH J. FARNAN, JR.

UNITED STATES DISTRICT JUDGE

Service: **Get by LEXSEE®**
Citation: **279 F. Supp. 2d 481**
View: Full
Date/Time: Friday, May 27, 2005 - 1:23 PM EDT

* Signal Legend:
● - Warning: Negative treatment is indicated
▣ - Questioned: Validity questioned by citing refs
⚠ - Caution: Possible negative treatment
◆ - Positive treatment is indicated
Ⓐ - Citing Refs. With Analysis Available
❶ - Citation information available
* Click on any *Shepard's* signal to *Sheparidze*® that case.

About LexisNexis | Terms and Conditions

Copyright © 2005 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.

Michael Lieberman (ML 9456)
Lubna A. Mian (LM 4411)
HANGLEY ARONCHICK SEGAL & PUDLIN
20 Brace Road, Suite 201
Cherry Hill, NJ 08034
(856) 616-2100

Jonathan Zavin (pro hac vice pending)
Alexandra N. DeNeve (pro hac vice pending)
LOEB & LOEB LLP
345 Park Avenue
New York, NY 10154-0037
(212) 407-4000

*Attorneys for Plaintiffs*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| **UNIVERSAL CITY STUDIOS PRODUCTIONS LLLP,** a Delaware limited liability limited partnership; **COLUMBIA PICTURES INDUSTRIES, INC.,** a Delaware corporation; **TWENTIETH CENTURY FOX FILM CORPORATION,** a Delaware corporation; **PARAMOUNT PICTURES CORPORATION,** a Delaware corporation; **WARNER BROS. ENTERTAINMENT INC.,** a Delaware corporation; and **DISNEY ENTERPRISES, INC.,** a Delaware corporation,<br><br>        **Plaintiffs,**<br><br>   v.<br><br>**DOES 1 - 7,**<br><br>        **Defendants.** | **CIVIL ACTION**<br>Case No.:  C S cv 1119 (JBS)<br><br>[PROPOSED] **ORDER GRANTING PLAINTIFFS LEAVE TO TAKE DISCOVERY PRIOR TO RULE 26(f) CONFERENCE** |

    Upon Plaintiffs' application for Order to Show Cause granting Plaintiffs *ex parte* relief granting leave to take discovery prior to the Rule 26(f) Conference, the

annexed declarations of Chad Tilbury, Thomas Mizzone and R. Christopher

Harshman, and the accompanying Memorandum of Law, and having considered

the issues raised therein, including relevant privacy issues,

IT IS ORDERED that Plaintiffs may serve immediate discovery on AT&T

Worldnet Service, or any other entity identified by AT&T Worldnet Service as

providing network access or online services to one or more of the Doe Defendants,

by serving a Rule 45 subpoena that seeks information sufficient to identify each

Doe Defendant, including his or her name, address, telephone number, email

address, and Media Access Control address.

IT IS FURTHER ORDERED that any information disclosed to Plaintiffs in

response to the Rule 45 subpoena may be used by Plaintiffs solely for the purpose

of protecting Plaintiffs' rights under the Copyright Act.

Dated: _March 9, 2005_          _Jerome B. Simandle_
                                _____
                                United States District Judge

2

Michael Lieberman (ML 9456)
HANGLEY ARONCHICK SEGAL & PUDLIN
20 Brace Road, Suite 201
Cherry Hill, NJ 08034
(856) 616-2100

Jonathan Zavin (pro hac vice pending)
Alexandra N. DeNeve (pro hac vice pending)
LOEB & LOEB LLP
345 Park Avenue
New York, NY 10154-0037
(212) 407-4000

*Attorneys for Plaintiffs*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| **PARAMOUNT PICTURES CORPORATION**, a Delaware corporation; **TWENTIETH CENTURY FOX FILM CORPORATION**, a Delaware corporation; **WARNER BROS. ENTERTAINMENT INC.**, a Delaware corporation; **UNIVERSAL CITY STUDIOS PRODUCTIONS LLLP**, a Delaware limited liability limited partnership; **SCREEN GEMS, INC.**, a Delaware corporation; **DISNEY ENTERPRISES, INC.**, a Delaware corporation; and **COLUMBIA PICTURES INDUSTRIES, INC.**, a Delaware corporation, <br><br> **Plaintiffs,** <br><br> v. <br><br> **DOES 1 - 8,** <br><br> **Defendants.** | **CIVIL ACTION** <br> **Case No.:** 05- 535 <br><br> **ORDER TO SHOW CAUSE FOR** *EX PARTE* **RELIEF GRANTING PLAINTIFFS' LEAVE TO TAKE DISCOVERY PRIOR TO RULE 26(f) CONFERENCE** |

**THIS MATTER** having come before the Court upon the application of

Plaintiffs by their attorneys, Hangley Aronchick Segal & Pudlin, for entry of an

Order to Show Cause granting Plaintiffs *ex parte* relief and permitting Plaintiffs to

conduct limited discovery on a third party Internet Service Provider prior to the

Rule 26(f) Conference to determine the true identities of the Doe Defendants who

are being sued for copyright infringement; and the Court having read and

considered the Complaint, the Declarations Chad Tilbury, Thomas Mizzone and R.

Christopher Harshman, the certification of Michael Lieberman, the supporting

Memorandum of Law submitted herewith, and a proposed Order; and the Court

having heard argument of counsel, and having determined that there are no named

defendants who could oppose this cause, and for other good cause having been

shown;

    **IT IS** on this ___28th___ day of ___January___, 2005:

    **ORDERED**, that Plaintiffs' application for *ex parte* relief for leave to

conduct and serve expedited discovery upon RCN Corporation, or any other entity

identified by RCN Corporation as providing network access or online services to

one or more of the Doe Defendants, by serving a Rule 45 subpoena that seeks information sufficient to identify each Doe Defendant, including his or her name, address, telephone number, e-mail address and Media Access Control address is granted.

_____
United States District Judge

JUDGE MOTLEY

05 CV 2351

Jonathan Zavin (JZ-1846)
Alexandra N. DeNeve (AD-2386)
LOEB & LOEB LLP
345 Park Avenue
New York, NY 10154-0037
(212) 407-4000
Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

|  |  |
|---|---|
| TWENTIETH CENTURY FOX FILM CORPORATION, a Delaware corporation; LIONS GATE FILMS, INC., a Delaware corporation; METRO-GOLDWYN-MAYER PICTURES INC., a Delaware corporation; DISNEY ENTERPRISES, INC., a Delaware corporation; WARNER BROS. ENTERTAINMENT INC., a Delaware corporation; PARAMOUNT PICTURES CORPORATION, a Delaware corporation; COLUMBIA PICTURES INDUSTRIES, INC., a Delaware corporation; SCREEN GEMS, INC., a Delaware corporation; NEW LINE PRODUCTIONS, INC., a Delaware corporation; and UNIVERSAL CITY STUDIOS PRODUCTIONS LLLP, a Delaware limited liability limited partnership, | Civil Action No.: <br><br> **ORDER GRANTING PLAINTIFFS' *EX PARTE* APPLICATION FOR LEAVE TO TAKE DISCOVERY PRIOR TO RULE 26(f) CONFERENCE** |
| Plaintiffs, | |
| -against- | |
| DOES 1-43, | |
| Defendants. | |

---

The Court has read all papers filed in connection with Plaintiffs' *Ex Parte*

Application for Leave to Take Discovery Prior to Rule 26(f) Conference ("the Application"), and

considered the issues raised therein, including relevant privacy issues.

IT IS HEREBY ORDERED that the Application is granted.

IT IS FURTHER ORDERED that Plaintiffs may serve immediate discovery on Time Warner Cable, or any other entity identified by Time Warner Cable as providing network access or online services to one or more of the Doe Defendants, by serving a Rule 45 subpoena that seeks information sufficient to identify each Doe Defendant, including his or her name, address, telephone number, email address, and Media Access Control address. The disclosure of this information is ordered pursuant to the Cable Communications Policy Act, 47 U.S.C. § 551(c)(2)(B);

IT IS FURTHER ORDERED THAT any information disclosed to Plaintiffs in response to the Rule 45 subpoenas may be used by Plaintiffs solely for the purpose of protecting Plaintiffs' rights under the Copyright Act.

Dated: February 24, 2005

Miriam Goldman Cedarbaum
United States District Judge
Part I

2

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

```
_____
                              )
LIONS GATE FILMS, INC.,       )
et al.,                       )
                              )
              Plaintiffs,     )    Civ. Action No. 05-386 (EGS)
                              )
        v.                    )
                              )
DOES 1-5,                     )
                              )
              Defendants.     )
_____)
```

## O R D E R

It is by the Court hereby **ORDERED** that Plaintiffs' Motion for Leave to Take Immediate Discovery [2] is **GRANTED.** Plaintiffs will be allowed to serve immediate discovery on America Online, Inc., or any other entity identified by America Online, Inc. as providing network access or online services to one or more of the Doe Defendants, by serving a Rule 45 subpoena that seeks information sufficient to identify each Doe Defendant, including his or her name, address, telephone number, email address, and Media Access Control address.

Any information disclosed to Plaintiffs in response to the Rule 45 subpoena may be used by Plaintiffs solely for the purpose of protecting Plaintiffs rights as set forth in the Complaint. If and when America Online, Inc. is served with a subpoena, America Online shall give written notice, which can include use of email, to the subscribers in question within five business days. If

America Online and/or any Defendant want to move to quash the subpoena, the party must do so before the return date of the subpoena, which shall be 25 days from the date of service. America Online shall preserve any subpoenaed information pending the resolution of any timely filed motion to quash.

It is further **ORDERED** that Plaintiffs shall provide America Online, Inc., a copy of this Order along with its subpoena.


Signed:    **Emmet G. Sullivan**
           **United States District Judge**
           **March 1, 2005**

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAR 2 5 2005

GREGORY C. LANGHAM
*lle* CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-RB-339(CBS)

DISNEY ENTERPRISES, INC., a Delaware corporation;
NEW LINE PRODUCTIONS, INC., a Delaware corporation;
UNIVERSAL CITY STUDIOS PRODUCTIONS LLLP, a Delaware limited liability limited partnership;
METRO-GOLDWYN-MAYER PICTURES INC., a Delaware corporation;
WARNER BROS. ENTERTAINMENT INC., a Delaware corporation;
TWENTIETH CENTURY FOX FILM CORPORATION, a Delaware corporation;
PARAMOUNT PICTURES CORPORATION, a Delaware corporation; and
COLUMBIA PICTURES INDUSTRIES, INC., a Delaware corporation,

      Plaintiffs

v.

DOES 1-18,

      Defendants.

---

### *EX PARTE* ORDER PERMITTING DISCOVERY BEFORE RULE 26 CONFERENCE

---

    This matter is before me on the Plaintiffs' *Ex Parte* Application for Leave to Take Discovery Prior to Rule 26(f) Conference ("Application"), filed February 24, 2005. Having considered the Application, Plaintiffs' Memorandum of Law in support of the Application, and the Declarations of Chad Tilbury, Thomas Mizzone, and R. Christopher Harshman, this Court concludes that the Application should be granted, as modified below.

    On February 24, 2005, Plaintiffs filed a Complaint for copyright infringement naming John Doe defendants 1 through 18 ("Defendants"). The Complaint alleges that each defendant has used and continues to use an online media distribution system to distribute to the public, including

by making available to and for distribution by others, certain copyrighted motion pictures owned or controlled by the Plaintiffs without Plaintiffs' authorization in violation of the Copyright Act of 1976 (17 U.S.C. § 101, *et seq*.).  However, Plaintiffs are only able to identify Defendants with an unique Internet Protocol ("IP") address; they do not know Defendants' names or any other identifying information.

Consequently, Plaintiffs seek permission to obtain immediate discovery from Defendants' Internet Service Provider ("ISP"), U.S. West Internet Services ("U.S. West"), whose subscriber activity log files would allow Plaintiffs to discover Defendants' identities.  Specifically, they wish to serve a subpoena on U.S. West pursuant to Fed. R. Civ. P. 45, seeking each Defendant's true name, address, telephone number, e-mail address, and Media Access Control ("MAC") address.

Under Fed. R. Civ. P. 26(d), "a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)," unless authorized by a court order or agreement of the parties or when otherwise allowed under the Rules of Civil Procedure.  A court order allowing expedited discovery will issue only upon a showing of good cause. *Qwest Communications Int'l, Inc. v. Worldquest Networks, Inc.*, 213 F.R.D. 418, 419 (D. Colo. 2003); *Pod-Ners, LLC v. Northern Feed & Bean of Lucerne, LLC*, 204 F.R.D. 675, 676 (D. Colo. 2002).

Here, Plaintiffs argue that their immediate need of the data in the subscriber activity logs establishes good cause.  They indicate that ISPs such as U.S. West typically keep these logs for brief periods of time before erasing the data they contain.  Plaintiffs might never identify the Defendants without obtaining access to the data contained in the logs. *See* Declaration Chad Tilbury, ¶¶ 10-11, in support of *Ex Parte* Application.

2

Under these circumstances, Plaintiffs have established good cause. Good cause exists where the evidence sought "may be consumed or destroyed with the passage of time, thereby disadvantaging one or more parties to the litigation." *Qwest, supra*, 213 F.R.D. at 419. *See also Semitool, Inc. v. Tokyo Electron America, Inc.*, 208 F.R.D. 273, 276 (N.D.Cal. 2002) (Good cause exists where "the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party.").

However, given the fact that Plaintiffs' Application was *ex parte*, Plaintiffs shall serve a copy of this Order along with the subpoena. Further, U.S. West may move to quash the subpoena within ten days of being served with the subpoena. In addition, this Court understands based on the representations of Plaintiffs that U.S. West will give notice to its subscribers that this information is being sought, and any so identified subscriber will thus have the opportunity to raise objections before this Court prior to the return date of the subpoena. (Plaintiffs' Memorandum, p. 6).

Accordingly, it is ORDERED:

1.  Plaintiffs' *Ex Parte* Application for Leave to Take Discovery Prior to Rule 26(f) Conference, filed February 24, 2005, is GRANTED. Plaintiffs may serve a Rule 45 subpoena upon U.S. West, and/or any other entity that U.S. West informs Plaintiffs was the entity providing network access or online services, to the Doe Defendants, which seeks information sufficient to identify each Defendant's true name, address, telephone number, e-mail address, and Media Access Control address.

3

2.   Any information disclosed to Plaintiffs in response to any issued subpoena may be

used by Plaintiffs solely for the purpose of protecting Plaintiffs' rights under the

Copyright Act as set forth in the Complaint.

3.   Plaintiffs' shall serve U.S. West or any other entity subpoenaed pursuant to this Order

with a copy of this Order along with any issued subpoena.

4.   If U.S. West, or any other entity subpoenaed pursuant to this Order, wishes to move

to quash any issued subpoena, it must do so within ten days of being served with it.

5.   U.S. West, or any other entity subpoenaed pursuant to this Order, is ordered to give

notice to its subscribers that this information is being sought, and any so identified

subscriber will have the opportunity to raise objections before this Court prior to the

return date of any issued subpoena.

Dated: March 24 , 2005.

                             BY THE COURT:


                             Craig B. Shaffer
                             United States Magistrate Judge

4

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| FONOVISA, INC., et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 4:04-CV-1488 CEJ |
| | ) | |
| JOHN DOES 1 - 151, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

This matter is before the Court on plaintiffs' motion for leave to take immediate discovery. Plaintiffs are record companies who own copyrights in several sound recordings. They seek leave to serve limited discovery upon a third party Internet Service Provider ("ISP") to determine the true identity of 151 John Doe defendants who are being sued for direct copyright infringement. Plaintiffs argue that without this discovery they cannot identify the defendants, and they would be unable to pursue their lawsuit to protect their copyrighted works from infringement.

Defendants are alleged to have used an online media distribution system to download plaintiffs' copyrighted works, to distribute copyrighted works, and/or to make copyrighted works available for distribution to others. Plaintiffs have identified the defendants by a unique Internet Protocol ("IP") address assigned to each defendant on the date and time of the alleged infringing activity. Plaintiffs have made copies of sound recordings the defendants made available for distribution, and have obtained copies of a more complete list of files that the

defendants have made available to the public for distribution. The ISP that provided Internet access to the defendants is Charter Communications, Inc. ("Charter"). Charter is able to match an IP address to a particular subscriber by reviewing its subscriber activity logs. These activity logs are typically retained by the ISP for a limited period of time; therefore, plaintiffs seek immediate discovery before the information is permanently destroyed.

Courts allow discovery to identify Doe defendants. <u>See</u> <u>Wakefield v. Thompson</u>, 177 F.3d 1160, 1163 (9th Cir. 1999); <u>Valentin v. Dinkins</u>, 121 F.3d 72, 75 (2nd Cir. 1997); <u>Munz v. Parr</u>, 758 F.2d 1254, 1257 (8th Cir. 1985). Courts will also allow expedited discovery where the party establishes good cause, *i.e.* the need for expedited discovery, in consideration of administration of justice, outweighs prejudice to responding party. <u>Semitool, Inc. v. Tokyo Electron Am., Inc.</u>, 208 F.R.D. 273, 276 (N.D. Cal. 2002); <u>Qwest Comm. Int'l, Inc. v. WorldQuest Networks, Inc.</u>, 213 F.R.D. 418, 419 (D. Colo. 2003); <u>Yokohama Tire Corp. v. Dealers Tire Supply, Inc.</u>, 202 F.R.D. 612, 613-14 (D. Ariz. 2001). Plaintiffs demonstrate good cause here because they show irreparable harm from infringement, no prejudice to the defendants, limited availability of the information sought and the movement forward of the case.

Plaintiffs have shown that they will suffer ongoing irreparable harm by the repeated unauthorized copying of their copyrighted material. In addition, the defendants will not be

-2-

prejudiced because plaintiffs seek contact information only and will use the information for the limited purpose of enforcing their rights under the Copyright Act.  Because the information regarding the identity of the IP subscriber is available only for a limited time, the plaintiffs may lose the opportunity to assert their rights if they are not allowed immediate discovery.  Plaintiffs are unable to obtain the subscribers' names by any other means, and without this information the case cannot proceed.

Accordingly,

**IT IS HEREBY ORDERED** that the plaintiff's motion for leave to take immediate discovery [#4] is **granted.**

**IT IS FURTHER ORDERED** that the plaintiffs may immediately serve a Rule 45 subpoena on Charter Communications, Inc. to obtain the identity of the defendants solely for the purpose of protecting plaintiffs' rights under the Copyright Act.

CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 12th day of November, 2004.

- 3 -

DJW/bh

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**METRO-GOLDWYN-MAYER**
**PICTURES, INC., et al.,**

              **Plaintiffs,**

                                        **CIVIL ACTION**

**v.**

                                        **No: 05-2075-KHV-DJW**

**DOES 1-8,**

              **Defendants.**

## ORDER

Pending before the Court is Plaintiffs' Motion for Leave to Take Discovery Prior to Rule 26(f) Conference (doc. 4). Plaintiffs are motion picture studios and/or distributors. They bring this copyright infringement lawsuit, alleging that each Defendant has, without permission, distributed and offered to distribute over the Internet copyrighted works for which the respective Plaintiffs have exclusive rights.

Plaintiffs seek leave to serve limited discovery prior to the Rule 26(f) conference on one or more non-party Internet Service Providers ("ISPs") to determine the identities of the Doe Defendants. Plaintiffs assert that the only way they can determine Defendants' true identities is through information obtained from the ISPs to which Defendants subscribe and from which Defendants obtain Internet access. Specifically, Plaintiffs seek to issue a Rule 45 subpoena to Sprint Communications Company, L.P., or any other entity identified by Sprint Communications Company, L.P., as providing network access or online services to one or more of the Doe Defendants.

A party is generally not entitled to seek discovery from any source prior to a Rule 26(f) conference with the opposing parties.[1]  Early discovery may, however, be authorized by court order.[2]

In support of their motion, Plaintiffs submit the affidavit of Chad Tilbury,[3] Director of Worldwide Internet Enforcement for the Motion Picture Association of American, Inc.  Mr. Tilbury states that obtaining the identity of copyright infringers on an expedited basis is critical because the ISPs have different policies pertaining to the length of time they preserve "logs" identifying their subscribers.  According to Mr. Tilbury's affidavit, some ISPs keep logs of their subscribers' activities for only limited periods of time—sometimes only for a few weeks or even mere days—before erasing the data.  Mr. Tilbury explains that if an ISP does not have to respond expeditiously to a discovery request, the identification information in the ISP's logs may be erased, making it impossible for the ISP to determine the identity of the alleged infringer.

The Court finds that Plaintiffs have demonstrated a substantial risk that the records kept by the ISPs may be lost or erased.  Thus, the Court concludes that Plaintiffs have established good cause for engaging in the requested discovery at this early stage of the proceedings.  The Court will therefore grant Plaintiffs' motion for expedited discovery.

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion for Leave to Take Discovery Prior to Rule 26(f) Conference (doc. 4) is granted.

---

[1]Fed. R. Civ. P. 26(d).

[2]*Id.*

[3]*See* doc. 6.

2

**IT IS FURTHER ORDERED** that Plaintiffs may serve immediate discovery on Sprint Communications Company, L.P., or any other entity identified by Sprint Communications Company, L.P., as providing network access or online services to one or more of the Doe Defendants, by serving a Rule 45 subpoena that seeks information sufficient to identify each Doe Defendant, including his or her name, address, telephone number, email address, and Media Access Control address. Said subpoena shall be subject to any valid objections the Internet Service Provider(s) may assert to the subpoena.

**IT IS FURTHER ORDERED** that the disclosure of this information shall be governed by the provisions of 47 U.S.C. § 551(c)(2)(B) and that any information disclosed to Plaintiffs in response to the Rule 45 subpoenas may be used by Plaintiffs solely for the purpose of protecting Plaintiffs' rights under the Copyright Act.

**IT IS SO ORDERED.**

Dated in Kansas City, Kansas on this 28th day of February, 2005.

> s/ David J. Waxse
> David J. Waxse
> United States Magistrate Judge

cc:    All counsel and pro set parties

3

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF ARKANSAS
## WESTERN DIVISION

JAN 28 2005

JAMES W. McCORMACK, CLERK
By:_____
DEP CLERK

DISNEY ENTERPRISES, INC., a Delaware )
corporation; TWENTIETH CENTURY FOX )
FILM CORPORATION, a Delaware )
corporation; WARNER BROS. )
ENTERTAINMENT INC., a Delaware )
corporation; COLUMBIA PICTURES )
INDUSTRIES, INC., a Delaware corporation; )
ARTISAN PICTURES, INC., a Delaware )
corporation; NEW LINE PRODUCTIONS, )
INC., a Delaware corporation; UNIVERSAL )
CITY STUDIOS PRODUCTIONS LLLP, a )
Delaware limited liability limited partnership; )
and PARAMOUNT PICTURES )
CORPORATION, a Delaware corporation, )
)
               Plaintiffs, )
)
    v. )
)
DOES 1 - 9, )
)
              Defendants. )

Case No.: 4:05 CV 00093

## ORDER GRANTING PLAINTIFFS' MOTION FOR LEAVE TO TAKE DISCOVERY PRIOR TO RULE 26(f) CONFERENCE

      The Court has read all papers filed in connection with Plaintiffs' Motion for

Leave to Take Discovery Prior to Rule 26(f) Conference ("the Motion"), and considered the

issues raised therein, including relevant privacy issues.

      IT IS HEREBY ORDERED that the Motion is granted.

      IT IS FURTHER ORDERED that Plaintiffs may serve immediate discovery on

ALLTEL Communications, Inc., or any other entity identified by ALLTEL Communications,

Inc. as providing network access or online services to one or more of the Doe Defendants, by

serving a Rule 45 subpoena that seeks information sufficient to identify each Doe Defendant,

**6**

including his or her name, address, telephone number, email address, and Media Access Control address.

IT IS FURTHER ORDERED THAT any information disclosed to Plaintiffs in response to the Rule 45 subpoenas may be used by Plaintiffs solely for the purpose of protecting Plaintiffs' rights under the Copyright Act.

Dated: 1/27/05

_United States District Judge_

THIS DOCUMENT ENTERED ON
DOCKET SHEET IN COMPLIANCE
WITH RULE 58 AND/OR 79(a) FRCP
ON 1-31-05 BY _____

2

___ FILED    ___ ENTERED **ORIGINAL**
___ LODGED   ___ RECEIVED

FEB 22 2005

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
DEPUTY

JAN 26 2005 MR

CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
DEPUTY

05-CV-00134-ORD

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON

COLUMBIA PICTURES INDUSTRIES,
INC., a Delaware corporation,

        Plaintiff,

    v.

JOHN DOE,

        Defendant.

No. **CV05-0134**

[PROPOSED] ORDER GRANTING
PLAINTIFF'S MOTION FOR LEAVE TO
TAKE DISCOVERY PRIOR TO RULE
26(f) CONFERENCE

The Court has read all papers filed in connection with Plaintiff's Motion for Leave to Take Discovery Prior to Rule 26(f) Conference ("the Application"), and considered the issues raised therein, including relevant privacy issues.

IT IS HEREBY ORDERED that the Application is granted.

IT IS FURTHER ORDERED that Plaintiff may serve immediate discovery on Speakeasy, Inc., or any other entity identified by Speakeasy, Inc. as providing network access or online services to one or more of the Doe Defendants, by serving a Rule 45 subpoena that seeks information sufficient to identify the Doe Defendant, including his or her name, address, telephone number, email address, and Media Access Control address.

/////

/////

/////

[PROPOSED] ORDER GRANTING
PLAINTIFF'S MOTION FOR LEAVE TO
TAKE DISCOVERY PRIOR TO RULE
26(f) CONFERENCE
Page 1

YARMUTH WILSON CALFO PLLC
THE IDX TOWER
925 FOURTH AVENUE, SUITE 2500
SEATTLE, WA 98104
T 206.516.3800 F 206.516.3888

1      IT IS FURTHER ORDERED THAT any information disclosed to Plaintiff in

2   response to the Rule 45 subpoenas may be used by Plaintiff solely for the purpose of

3   protecting Plaintiff's rights under the Copyright Act.

4

5   Dated: 2/22/05                      _____

6                                       United States District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

[PROPOSED] ORDER GRANTING                YARMUTH WILSDON CALFO PLLC
PLAINTIFF'S MOTION FOR LEAVE TO                  THE BX TOWER
TAKE DISCOVERY PRIOR TO RULE              925 FOURTH AVENUE, SUITE 2500
26(f) CONFERENCE                              SEATTLE, WA 98104
Page 2                                    T 206.515.3000  F 206.516.3888

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

FILED

FEB - 1 2005

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY CLERK

UNIVERSAL CITY STUDIOS        )
PRODUCTIONS L.L.L.P., ET AL., )
                              )
          Plaintiffs,         )
                              )
v.                            )     CIVIL NO. SA-05-CA-68-OG
                              )
                              )
DOES 1-24,                    )
                              )
          Defendants.         )

## ORDER

Came on this day to be considered plaintiffs' ex parte expedited motion for leave to take

discovery prior to the Fed.R.Civ.P. 26(f) conference and memorandum in support filed January

26, 2005 (docket no. 5).

In this action for copyright infringement, plaintiffs seek permission to serve Rule 45

subpoenas to discovery the identity of 24 defendants. Plaintiffs have alleged claims of direct

copyright infringement by the 24 Doe Defendants through the use of "peer to peer" or "P2P"

software over the internet. Defendants are identified by internet protocol address and the dates

and times of the alleged infringements in addition to the allegedly fictitious on-line "screen

names" or "user names" used by the defendants. To learn and/or confirm the identities of the

Doe Defendants, plaintiffs need information from internet service providers ("ISP") for the

defendants. Plaintiff have identified the ISP that provided internet access to and assigned the

unique internet protocol ("IP") address to defendant by using publicly available data to trace IP

addresses. Plaintiffs allege the ISP is Southwestern Bell Internet Services ("SBIS"). Plaintiffs

assert that when the ISP is given a defendant's IP address and the date and time of the infringing

activity, the ISP readily should be able to identify the name and address of the Doe Defendants

because that information is contained in the ISP's subscriber activity log files.  Further, plaintiffs

seek immediate discovery to avoid the loss of information about the alleged infringers that could

occur if the ISP erases or overwrites data in accordance with common industry practice.

Plaintiffs have shown good cause for beginning discovery at this time.  There is no

identified defendant with whom plaintiffs could conduct a discovery conference.

Upon consideration thereof,

**IT IS ORDERED** that plaintiffs' ex parte expedited motion for leave to take discovery

prior to the Fed.R.Civ.P. 26(f) conference (docket no. 5) is **GRANTED**.

**IT IS ALSO ORDERED** that plaintiffs may serve immediate discovery on third-party

ISPs, specifically, SBIS as well as  any ISP identified by SBIS as the entity providing internet

network access and on-line services to the Doe Defendant, by serving a Rule 45 subpoena that

seeks information sufficient to identify each Doe Defendant, including the name, address,

telephone number, e-mail address and Media Access Control addresses for each defendant.

**IT IS FURTHER ORDERED** that any information disclosed to plaintiffs in response to

the Rule 45 subpoenas may be used by plaintiffs solely for the purpose of protecting plaintiffs'

rights under the Copyright Act.

**ORDERED, SIGNED and ENTERED** this _/_ day of February, 2005.


**Pamela Mathy**
**United States Magistrate Judge**

FILED IN CLERKS OFFICE
U.S.D.C. Atlanta

MAR 2 2 2005

LUTHER D. THOMAS, Clerk
By a.m.C....
Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

COLUMBIA PICTURES
INDUSTRIES, INC., a Delaware
corporation; TWENTIETH CENTURY
FOX FILM CORPORATION, a
Delaware corporation; PARAMOUNT
PICTURES CORPORATION, a
Delaware corporation; DISNEY
ENTERPRISES, INC., a Delaware
corporation; METRO-GOLDWYN-
MAYER PICTURES INC., a Delaware
corporation; WARNER BROS.
ENTERTAINMENT INC., a Delaware
corporation; UNIVERSAL CITY
STUDIOS PRODUCTIONS LLLP, a
Delaware limited liability limited
partnership; and NEW LINE
PRODUCTIONS, INC., a Delaware
corporation,

        Plaintiffs,

v.

DOES 1 – 10,

        Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

CIVIL ACTION FILE

No. 1:05cv515-BBM

## ORDER GRANTING PLAINTIFFS' MOTION FOR LEAVE TO TAKE DISCOVERY PRIOR TO RULE 26 CONFERENCE

The Court has read all papers filed in connection with Plaintiffs' Motion for
Leave to Take Discovery Prior to Rule 26 Conference ("the Motion"), and
considered the issues raised therein, including relevant privacy issues.

[Doc. No. 3]

IT IS HEREBY ORDERED that the Motion is granted.

IT IS FURTHER ORDERED that Plaintiffs may serve immediate discovery on Earthlink, Inc., or any other entity identified by Earthlink, Inc. as providing network access or online services to one or more of the Doe Defendants, by serving a Rule 45 subpoena that seeks information sufficient to identify each Doe Defendant, including his or her name, address, telephone number, email address, and Media Access Control address.

IT IS FURTHER ORDERED THAT any information disclosed to Plaintiffs in response to the Rule 45 subpoenas may be used by Plaintiffs solely for the purpose of protecting Plaintiffs' rights under the Copyright Act.

Dated: _March 22, 2005_      _____
United States District Judge

2

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| LIONS GATE FILMS, INC., a Delaware corporation; UNIVERSAL CITY STUDIOS PRODUCTIONS LLLP, a Delaware limited liability limited partnership; COLUMBIA PICTURES INDUSTRIES, INC., a Delaware corporation; METRO-GOLDWYN-MAYER PICTURES INC., a Delaware corporation; TWENTIETH CENTURY FOX FILM CORPORATION, a Delaware corporation; WARNER BROS. ENTERTAINMENT INC., a Delaware corporation; PARAMOUNT PICTURES CORPORATION, a Delaware corporation; and NEW LINE PRODUCTIONS, INC., a Delaware corporation,<br><br>       Plaintiffs,<br><br>          vs.<br><br>DOES 1 - 23,<br><br>       Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No:  04 C 7398<br><br>Hon. Joan B. Gottschall<br><br>Magistrate Hon. Martin C. Ashman |

## ORDER GRANTING PLAINTIFFS' *EX PARTE* MOTION FOR LEAVE TO TAKE DISCOVERY PRIOR TO RULE 26 CONFERENCE

       The Court has read all papers filed in connection with Plaintiffs' *Ex Parte* Motion

for Leave to Take Discovery Prior to Rule 26 Conference ("the Motion"), and considered the

issues raised therein, including relevant privacy issues.

       IT IS HEREBY ORDERED that the Motion is granted.

       IT IS FURTHER ORDERED that Plaintiffs may serve discovery prior to Rule 26

conference on Ameritech Interactive Media Services by serving a Rule 45 subpoena that seeks

information sufficient to identify each Doe Defendant, including the name, address, telephone

number, email address, and Media Access Control addresses for each Defendant.

IT IS FURTHER ORDERED THAT any information disclosed to Plaintiffs in

response to the Rule 45 subpoenas may be used by Plaintiffs solely for the purpose of protecting

Plaintiffs' rights under the Copyright Act.


Dated: _____11/18/04_____


_____

United States District Judge

**R.A.**

1  Christopher T. Holland (SB # 164053)
   Anne E. Kearns (SB #183336)
2  Kathy M. Sarria (SB #181322)
   KRIEG, KELLER, SLOAN, REILLEY & ROMAN LLP
3  114 Sansome Street, Suite 400
   San Francisco, California 94104
4  Telephone: (415) 249-8330
   Facsimile:  (415) 249-4333
5
   Douglas E. Mirell (SB #094169)
6  Karen R. Thorland (SB #172092)
   LOEB & LOEB LLP
7  10100 Santa Monica Boulevard, Suite 2200
   Los Angeles, California 90067
8  Telephone: (310) 282-2000
   Facsimile:  (310) 282-2200          E-filing
9
   Attorneys for Plaintiff
10 COLUMBIA PICTURES

11              UNITED STATES DISTRICT COURT

12              NORTHERN DISTRICT OF CALIFORNIA

13                  SAN FRANCISCO DIVISION

14 COLUMBIA PICTURES INDUSTRIES,    CASE NO.    C 04   5243 PJH
   INC., a Delaware corporation,
15                                  [PROPOSED] ORDER GRANTING
          Plaintiff,                PLAINTIFF'S MISCELLANEOUS
16                                  ADMINISTRATIVE REQUEST FOR
       vs.                          LEAVE TO TAKE DISCOVERY PRIOR
17                                  TO RULE 26 CONFERENCE
   JOHN DOE (67.123.19.140),
18
          Defendant.
19

20        Upon Plaintiff's Miscellaneous Administrative Request

21 for Leave to Take Discovery Prior to Rule 26 Conference, the

22 Declarations of Chad Tilbury, Thomas Mizzone and R. Christopher

23 Harshman and Plaintiff's Request for Judicial Notice, and having

24 considered the issues raised therein, including relevant privacy

25 issues, it is hereby:

26

27

28

                                   1

1     ORDERED that the Administrative Request of Plaintiff

2 for Leave to Take Discovery Prior to Rule 26 Conference is

3 granted.

4

5     IT IS FURTHER ORDERED that Plaintiff may serve

6 immediate discovery on Pacific Bell Internet Services by serving

7 a Rule 45 subpoena that seeks information sufficient to identify

8 the Doe Defendant, including his or her name, address, telephone

9 number, email address, and Media Access Control address.

10

11     IT IS FURTHER ORDERED THAT any information disclosed to

12 Plaintiff in response to the Rule 45 subpoenas may be used by

13 Plaintiff solely for the purpose of protecting Plaintiff's rights

14 under the Copyright Act.

15

16 Dated:    JAN 2 0 2005                              

17                       United States District Judge

18

19

20

21

22

23

24

25

26

27

28

**2**

[PROPOSED] ORDER GRANTING PLAINTIFF'S MISCELLANEOUS ADMINISTRATIVE REQUEST